UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00055-APG-GWF |
|---|---|
| Plaintiff | **Order Denying Motion to Vacate** |
| v. | (ECF No. 80) |
| CEMONE CHAMPAGNE LEWIS, | |
| Defendant | |

Defendant Cemone Champagne Lewis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moves under 28 U.S.C. § 2255 to vacate his conviction and sentence. ECF No. 80. He argues that, based on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his indictment is fatally defective because the government failed to allege that he knew he was a felon when he possessed the firearm or that he knew that his convicted felon status barred him from possessing a firearm. He also contends that his due process rights were violated because the court did not advise him during his plea proceedings that the government must prove that he knew these facts, so his plea was not knowing and voluntary.

I deny Lewis's motion. The indictment is defective under *Rehaif* because it fails to allege that Lewis knew he was a felon. But that defect did not deprive this court of jurisdiction. And Lewis cannot show that he is actually prejudiced by that defect.

## Background

When Lewis committed the instant offense, he already had a significant criminal history, including multiple felony convictions. For one of those convictions, he was sentenced to more than a year in prison.

The indictment in the present case alleged that in February 2018, Lewis:

> having been convicted of crimes punishable by imprisonment for a term exceeding one year . . . did knowingly possess a firearm . . . said possession being in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

ECF No. 1.  In August 2018, Lewis pleaded guilty to that charge. ECF Nos. 36, 40.  I sentenced him to 21 months of imprisonment consecutive to a state court sentence, to be followed by three years of supervised release. ECF No. 65.  Lewis did not appeal his conviction or sentence.  In June 2020, Lewis filed the current motion seeking to set aside his conviction and sentence based on *Rehaif*.

**Analysis**

Lewis was indicted and pleaded guilty in 2018, and was sentenced in 2019, for his possession of a firearm as a convicted felon.  At that time, under the law of this circuit and every other circuit, the government was neither required to allege in the indictment nor present evidence and prove at trial that the defendant knew of his status as a convicted felon.  Later, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.[1]

---

[1] "It is therefore the defendant's *status*, and not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful." *Rehaif*, 139 S. Ct. at 2197 (emphasis original).  I reject Lewis's argument that, under *Rehaif*, the government must also prove that the defendant knew that he was barred from possessing a firearm. *See United States v Dillard*, No. 2:09-cr-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6, 2020).

2

The indictment against Lewis did not allege that he knew he had been convicted of a crime punishable by more than one year of imprisonment. Under *Rehaif*, the indictment is defective because it lacks an allegation that Lewis knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Lewis argues he is entitled to relief because this defect stripped this court of jurisdiction and because the defect violated his rights under the Fifth and Sixth Amendments. Neither of these theories warrants § 2255 relief.

This court "has jurisdiction of all crimes cognizable under the authority of the United States . . . ." *Lamar v. United States*, 240 U.S. 60, 65 (1916). "The objection that the indictment does not charge a crime against the United States goes only to the merits of the case" and does not deprive the court of jurisdiction. *Id.*; *see also United States v. Cotton,* 535 U.S. 625, 630 (2002) (citing *Lamar* for the proposition that "defects in an indictment do not deprive a court of its power to adjudicate a case."). The Ninth Circuit has repeatedly cited *Cotton* for this principle. *See*, *e.g.*, *U.S. v. Velasco-Medina*, 305 F.3d 839, 845 (9th Cir. 2002) (rejecting the argument that the indictment's failure to allege the specific intent required for attempted reentry deprived the district court of jurisdiction). It applies even when considering appeals based on *Rehaif*. *See*, *e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."). This court had and has jurisdiction over Lewis's case.

Because this § 2255 proceeding is Lewis's first challenge to his indictment, he must show cause and actual prejudice.[2] "To challenge a conviction in a § 2255 proceeding based upon a

---

[2] Lewis is not entitled to automatic dismissal of the defective indictment because he did not challenge the indictment prior to pleading guilty. "[I]f properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of

3

claim of error that could have been raised on direct appeal but was not, a defendant must demonstrate both cause to excuse the procedural default, as well as actual prejudice resulting from that error." *United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019). "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

For purposes of this motion only, I will assume Lewis can show cause to excuse the default. But Lewis has not and cannot show he is actually harmed by the defective indictment.

If Lewis's conviction and indictment are set aside because of this defect, the government would be able to re-indict him to allege knowledge-of-status. "[T]he double jeopardy guarantee 'imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside' (emphasis in original)." *United States v. DiFrancesco*, 449 U.S. 117, 131, (1980) *quoting North Carolina v. Pearce*, 395 U.S. 711, 720 (1969). The only exception is when a conviction is reversed because of insufficiency of the evidence. Lewis has not challenged the sufficiency of the facts he admitted in his guilty plea.

I can consider the entire record to determine whether Lewis is being actually harmed by the defective indictment. In *United States v. Johnson,* the Ninth Circuit reviewed an appeal of a

---

the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020) ("If a defendant properly challenges an indictment before trial and, on de novo appellate review, we determine the indictment omitted an essential element, *Du Bo* requires automatic dismissal regardless of whether the omission prejudiced the defendant.").

Lewis is not entitled to a plain error review of his challenge to his indictment because he did not challenge it on appeal. An untimely challenge to an indictment is reviewed for plain error if it is raised for the first time on appeal. *See United States v. Velasco-Medina*, 305 F.3d 839, 846 (9th Cir. 2002) (untimely challenge to an indictment on appeal reviewed for plain error); *United States v. Ross*, 206 F.3d 896, 899 (9th Cir. 2000) (same).

4

§ 922(g) conviction based on *Rehaif*. 979 F.3d 632 (9th Cir. 2020).  The defendant was convicted after a bench trial on stipulated facts that did not include his knowledge-of-status.  The Ninth Circuit declined to dismiss the case and instead affirmed the conviction.  The court determined that Johnson's appeal was properly understood as asserting a trial error arising from the district court's omission of "the knowledge-of-status element now required under *Rehaif*."[3]  *Id.* at 636.  Because Johnson had not timely objected to the district court's legal error, his claim was subject to plain error review. *Id.*  As the challenge concerned a trial error rather than insufficient evidence, "retrial would be permitted even if he succeeded in establishing plain error on appeal." *Id.* at 637.  And because retrial was available, the court was authorized to review the entire record on appeal, not just the record adduced at trial. *Id.*  Reviewing for plain error, the court held that a retrial would result in another conviction because the defendant could not offer a plausible basis for a different outcome. *Id.* at 639.

> [I]f the hypothetical retrial is certain to end in the same way as the first one, then refusing to correct an unpreserved error will, by definition, not result in a miscarriage of justice.  Indeed, choosing to correct the error in those circumstances would produce the very sort of wasteful reversals that [Federal Rule of Criminal Procedure] 52(b) aims to avoid.

*Id.* at 637 (internal quotation and citation omitted).[4]  The record on appeal (including information in the Presentence Report) showed that Johnson had several prior felony convictions and had already served three prison sentences of over one year.  "In light of the sentences imposed in his

---

[3] While Johnson framed his claim as challenging the sufficiency of the evidence, the Ninth Circuit re-framed his claim as he had not contested whether "the government introduced evidence sufficient to satisfy each of the elements required for conviction at the time of his trial." *Id.* at 636.

[4] "As the Supreme Court has stated, Rule 52(b) authorizes courts to correct unpreserved errors, but that power is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Id.* at 636-37 (citations and internal quotation marks omitted).

5

earlier cases, Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison." *Id.* at 639.  That evidence justified affirming the conviction even though the stipulated facts in the bench trial did not establish Johnson's knowledge-of-status.

The *Johnson* court employed the plain error standard because the case arose on direct appeal and the defendant failed to object at trial. *Id.* at 636.  Here, however, Lewis raises this issue in a § 2255 motion.  The "cause and actual prejudice" standard for review of a § 2255 motion is a significantly higher burden than the plain error standard on a direct appeal. *United States v. Frady*, 456 U.S. 152, 166-67 (1982) ("We reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").[5]  *Johnson* would require me to deny Lewis's motion under a plain error review, so I likewise must deny the motion under the higher hurdle of the cause and prejudice standard.

As in *Johnson*, I can look to the entire record, including the Presentence Report, to determine whether Lewis can show actual prejudice from the defective indictment. *Johnson,* 979 F.3d at 637.  According to the Presentence Report, Lewis has been convicted of multiple felony offenses and for one he was sentenced to state prison for a term of three years.  Lewis offers no evidence or argument disputing this criminal history.  He does not claim he was unaware that he had been convicted of a felony or that he had been given a prison sentence for a term exceeding one year.  To the contrary, in his plea agreement he admits that "[a]t the time [he] was in possession of the firearm, he had been previously convicted of a crime punishable by a term of

---

[5] *Cf. United States v. Timmreck*, 441 U.S. 780, 784 (1979) ("[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.").

6

imprisonment exceeding one year." ECF No. 36 at 4. No plausible argument exists that, on these uncontested facts, a grand jury would not find probable cause to allege in the indictment that Lewis knew of his status as a convicted felon. If I dismiss the indictment, he could be reindicted and retried, and the result would be the same.

Again, I assume Lewis can show cause for failing to challenge his indictment on appeal. While the indictment is defective because it lacks an allegation that Lewis knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, the overwhelming and uncontroverted evidence establishes that Lewis is not suffering actual prejudice because of that defect under any of his theories. I therefore deny his § 2255 motion.

## Certificate of Appealability

To appeal this order, Lewis must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

I have denied Lewis's motion based on the Ninth Circuit's decision in *Johnson*. While *Johnson* employed the plain error standard of review, Lewis faces a "significantly higher hurdle" for his § 2255 motion. *Frady*, 456 U.S. at 166. The undisputed facts establish that Lewis is not prejudiced by the defective indictment because he could be reindicted and retried and the outcome would be the same. Although I have previously concluded in similar cases that

reasonable jurists cannot debate that conclusion (and so denied certificates of appealability), the Supreme Court recently granted certiorari in two cases that may resolve some of the issues raised in this case. *See United States v. Gary*, No. 20-444, 2021 WL 77245 (Jan. 8, 2021); *United States v. Greer*, No. 19-8709, 2021 WL 77241 (Jan. 8, 2021).  I therefore will grant Lewis's request for a certificate of appealability.

I THEREFORE ORDER that defendant Cemone Champagne Lewis's motion under 28 U.S.C. § 2255 **(ECF No. 80) is DENIED**.

I FURTHER ORDER that Lewis is granted a certificate of appealability.

I FURTHER ORDER the Clerk of Court to enter a separate civil judgment denying Lewis's § 2255 motion.  The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:20-cv-1073-APG.

DATED this 9th day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE